## O. N. Oleson v. German Insurance Co.

1. Appellate Court Practice—*Where no Propositions of Law are Submitted to the Trial Court.*—Where the trial is by the court without a jury, and no propositions of law are submitted, there is nothing for the Appellate Court to pass upon.

Assumpsit, on an insurance note. Trial in the Circuit Court of Livingston County; the Hon. George W. Patton, Judge, presiding. Finding and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed July 20, 1899.

Joseph D. Mitchell, attorney for appellant.

M. E. Wright, A. C. Norton and F. W. Winkler attorneys for appellee.

Mr. Justice Higbee delivered the opinion of the court. This was an action instituted by appellee before a jus-

tice of the peace upon a note for $105 given by appellant
to appellee as premium on a policy of insurance against fire,
lightning, tornado, cyclones or wind storms, for a period of
five years.

In the written application for the policy of insurance
signed by appellant, he stated that he was " the. absolute
owner of the property proposed to be insured." The policy
of insurance which was afterward issued to appellant, con-
tained a provision that it should be void " if the assured
shall not be the sole and unconditional owner in fee of said
property."

It appeared from the evidence that appellant was not the
sole owner of the property named in the policy, but that a
portion of it was owned by his mother. Appellee, however,
was ignorant of the fact that appellant was not the sole
owner of the property when the policy was issued. Appel-
lee obtained a judgment before the justice of the peace and
upon appeal to the Circuit Court a jury was waived, and
there was a trial before the court, which resulted in a find-
ing and judgment in favor of the insurance company for
the amount of the note and interest.

The defense which appellant offered to the note was based
upon the theory that the policy of insurance was void
because he was not the sole and unconditional owner of the
property at the time the policy was issued, and that there-
fore there was no consideration for the note given for the
premium on the policy. On the other hand appellee con-
tended that under such circumstances the policy could be
construed to be void or not, at the option of appellee, and
also that as appellant had signed the written application,
stating he was the owner of the property in question, he
was estopped from denying such statement in this pro-
ceeding.

Upon the trial of the cause in the Circuit Court, no
written propositions to be held as law in the decision of the
case, were submitted to the court, as provided for by stat-
ute. There was no controversy as to the facts in the case.
The questions as to whether, under the facts in the case,

the provision of the policy in reference to the ownership of the property rendered it void, or only voidable, and if voidable only, whether there was a consideration for the note, and also as to whether appellant is now estopped from denying the ownership of the property by reason of the statement made by him in his written application for the insurance, are all questions of law and not of fact.

As there were no propositions of law submitted to the trial court, no question is, under the circumstances of this case, presented by the record for our decision. Boyce v. The Commercial Publishing Co., 169 Ill. 256; Allison v. Leslie, 40 Ill. App. 441.

The judgment of the court below in this case will therefore be affirmed.